NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200480-U

NO. 4-20-0480

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 27, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| SHAWN L. SCHMIDT, | ) | No. 16CF122 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) The circuit court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea and (2) postplea counsel strictly complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    In September 2016, defendant, Shawn L. Schmidt, pleaded guilty to four counts of dissemination of child pornography (720 ILCS 5/11-20.1(a)(2) (West 2016)). In accord with the plea agreement, the State dismissed the remaining three counts of dissemination of child pornography and seven counts of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2016)) pending against defendant. There was no agreement as to the length of the sentence. In October 2016, the circuit court sentenced defendant to consecutive terms of 13-, 15-, 15-, and 10-years' imprisonment on each respective count, for a total of 53 years. Defendant later retained private counsel and filed a motion to withdraw his guilty plea.

¶ 3        After an evidentiary hearing, the circuit court denied defendant's motion to withdraw his guilty plea. Defendant appeals, contending the court failed to admonish him he faced the potential of serving life in prison based on being "violated at the door" during his term of mandatory supervised release (MSR) and, alternatively, his postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        In July 2016, the State charged defendant with seven counts of dissemination of child pornography (720 ILCS 5/11-20.1(a)(2) (West 2016)) and seven counts of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2016)). Defendant entered an open guilty plea in which he agreed to plead guilty to four counts of dissemination of child pornography, and the State would dismiss the remaining 10 charges. There was no agreement as to the length of sentence.

¶ 6        In September 2016, the circuit court held defendant's plea hearing. The court reviewed the four charges with defendant and admonished him as to his possible sentences. The following colloquy occurred as to MSR:

        "THE COURT: In addition, if you are sentenced to the Department of Corrections on each and every one of these charges, you will have to serve a period of mandatory supervised release. That period of supervised release is three years to natural life on each charge. Do you understand that?

        THE DEFENDANT: No. Not really, sir.

        THE COURT: Okay. So after—to the extent that you are released from the Department of Corrections, you will have a period of mandatory supervised release. It used to be called parole.

THE DEFENDANT: Yes, sir.

THE COURT: Anyway, the Department of Corrections would have jurisdiction over you. That is for each and every one of these charges that is a minimum of three years to a maximum of natural life. Do you understand that?

THE DEFENDANT: Yes."

The court continued to admonish defendant as to his right to plead not guilty and his right to a trial by jury. The court then confirmed defendant was not under threat and no other promises were made in exchange for his plea. The State presented the following factual basis:

"[B]etween May 1st, 2016, and July 19th, 2016, the defendant Shawn Schmidt had a computer, and on his computer he had stored files of child pornography using Shareaza, a peer-to-peer sharing program. Those images that he had downloaded himself were—could actively be picked up by other people in this peer-to-peer sharing system. A Tom Berola from the Illinois Attorney General's police was able to, during his investigation into this child pornography being disseminated from a computer in the area where [defendant] lived *** he was able to go onto or obtain from Schmidt's folder through this peer-to-peer program the four images on Counts I through IV, the videos, actually, that are described in the Bills of Indictment. And the defendant was read his Miranda rights and admitted to having that peer-to-peer program, having child pornography, and acknowledged that other people could take those images and videos from the folder on his computer."

The court determined defendant knowingly and voluntarily pleaded guilty to the four counts.

¶ 7        At an October 2016 sentencing hearing, the circuit court sentenced defendant to 13 years' incarceration on count I, 15 years on count II, 15 years on count III, and 10 years on count IV. All the terms were to be served consecutively, and each included a term of MSR of three years to natural life.

¶ 8        Defendant subsequently filed a motion to reconsider his sentence. Defendant argued the imposed sentences were excessive in light of his limited criminal history. The circuit court denied defendant's motion, and defendant appealed. On appeal, this court summarily remanded for strict compliance with Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016).

¶ 9        In March 2018, defendant filed an amended motion to reconsider his sentence, again arguing the sentence was excessive and costs and assessments were miscalculated. Defendant's counsel filed a facially compliant certificate pursuant to Rule 604(d). At the hearing on the motion, defendant expressed discontent with his court appointed attorney, Andrew Lankton, and stated he wished to file a motion to withdraw his guilty plea.

¶ 10        In April 2018, defendant *pro se* filed a motion to withdraw his guilty plea, listing extensive claims of error. As defendant raised issues in regard to Lankton's performance, the court appointed new counsel. Defendant's new counsel filed an amended motion to withdraw defendant's guilty plea or reconsider his sentence, incorporating defendant's original motion and adding several more claims.

¶ 11        In March 2019, defendant hired private counsel. Defendant's private counsel filed a new amended motion to withdraw defendant's guilty plea or reconsider defendant's sentence. The motion contended defendant's plea was not knowing or voluntary where (1) Lankton was ineffective for failing to challenge multiple charges pursuant to *People v. McSwain*, 2012 IL App (4th) 100619, 964 N.E.2d 1174, which held the charging statute was ambiguous; (2) the circuit

court failed to admonish defendant that the Department of Corrections may "warehouse" inmates if they have insufficient parole sites, leading to some sex offenders being held indefinitely during their period of MSR; (3) Lankton failed to subject the State's case to meaningful adversarial testing; and (4) Lankton failed to admonish defendant his sentences would be imposed consecutively and erroneously promised defendant he would serve a maximum sentence of 12 years' incarceration. Postplea counsel attached a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 12　　　　In August 2020, the circuit court held a hearing on the motion to withdraw defendant's guilty plea. Defendant testified he spoke to Lankton "five, six times" before his plea. Defendant did not feel Lankton adequately discussed the case with him, and he did not see discovery from his case. Defendant testified he was not shown the charges against him and did not know what "dissemination" meant. Defendant believed he was facing 7 charges, not 14. Lankton explained to defendant the State was willing to drop all but four charges and defendant would get the minimum sentence on each count. Lankton told defendant he would serve only 50% of the aggregate sentence, for a total of 12 years' imprisonment. Defendant also testified he had never heard the word consecutive before he pleaded guilty. On cross-examination, defendant agreed the court informed him he could be sentenced from 6 to 30 years on each count and the court discussed consecutive sentencing with him. Defendant further agreed the court discussed MSR with him. Defendant stated, knowing what he knew at the time of the hearing, he would have gone to trial.

¶ 13　　　　Lankton testified he met with defendant approximately six times. He reviewed the charges with defendant, the potential sentencing ranges, and the potential for consecutive sentences. Lankton testified he discussed trial strategy with defendant, including defendant's

knowledge of the dissemination of the materials. Defendant appeared to understand and never asked what dissemination meant. Lankton testified he went over the discovery materials with defendant, and defendant declined to watch the video of his interview with detectives. Lankton discussed the maximum possible sentence for the charges and the possible sentencing range for the plea deal. He also discussed the potential MSR terms. In all their discussions, it never appeared to Lankton defendant did not understand. On cross-examination, defendant's counsel went over the evidence Lankton reviewed and his impression of the State's case against defendant.

¶ 14        During argument, defense counsel argued, citing *McSwain*, it was improper for the State to have brought multiple charges under the one-act, one-crime rule, due to ambiguity in the wording of the charging statute. In addition, defense counsel argued defendant had a viable defense as he did not intend to disseminate the materials and was misinformed about the law and the facts by Lankton. Defense counsel argued defendant was "grossly misinformed" about the likely sentence. The court questioned defense counsel, noting she "didn't touch on" the MSR argument and whether the court's admonishments were of consequence. Counsel argued, even with the court "laying it out perfectly," it did not "wipe out" Lankton's misstatements.

¶ 15        The State distinguished *McSwain* based on its facts. The State argued Lankton could not have been ineffective for failing to argue an irrelevant case. The State further argued, "So nothing was brought up about mandatory supervised release. As to—I believe that's a collateral consequence anyway. I will just make that the record." The State reiterated (1) defendant's plea was knowing and voluntary, (2) defendant appeared to understand the proceedings, and (3) the consequences of his guilty plea were discussed at the plea hearing.

¶ 16    The circuit court found Lankton to be credible and did not believe defendant's testimony. The court noted it reviewed the range of penalties, discussed the meaning of a blind plea, and informed defendant of the MSR terms. Defendant acknowledged affirmatively when he understood the proceedings and made the court aware when he did not understand something. The court stated, "[T]here is no evidence in this case that Mr. Lankton made any comments to defendant that would have diminished the admonishments of the court." The court acknowledged "there may [have been] a plausible defense as to the *mens rea* aspect, but that only gets you so far." The court stated, "I haven't heard any credible evidence of error by Mr. Lankton." The court denied the motion to withdraw defendant's guilty plea.

¶ 17    This appeal followed.

¶ 18                                II. ANALYSIS

¶ 19    On appeal, defendant argues (1) the circuit court abused its discretion by denying his motion where his guilty plea was not knowing and voluntary as the court did not admonish him as to the possibility of spending life in prison during his MSR term and (2) in the alternative, postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) where she did not make amendments to defendant's motion necessary for adequate presentation.

¶ 20                            A. Failure to Admonish

¶ 21    Defendant contends his guilty plea was not knowing and voluntary where the circuit court failed to admonish him about the possibility of serving life in prison based on being "violated at the door" during his MSR term.

¶ 22    A defendant has no absolute right to withdraw a plea of guilty. *People v. Delvillar*, 235 Ill. 2d 507, 520, 922 N.E.2d 330, 338 (2009). "Rather, he must show a manifest

injustice under the facts involved to obtain leave to withdraw his plea." (Internal quotation marks omitted.) *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 32, 85 N.E.3d 568. "In considering such a motion, the court shall evaluate whether the guilty plea was entered through a misapprehension of the facts or of the law, or if there is doubt of the guilt of the accused and the ends of justice would be better served by submitting the case to trial." *People v. Pullen*, 192 Ill. 2d 36, 40, 733 N.E.2d 1235, 1237 (2000). The decision to grant or deny a motion to withdraw is reviewed for an abuse of discretion. *Delvillar*, 235 Ill. 2d at 519. "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." *Id.*

¶ 23 For a defendant to knowingly and voluntarily plead guilty, due process generally requires he must be advised of the direct consequences of a guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 35, 983 N.E.2d 439. "[A] direct consequence of a guilty plea is one which has a definite, immediate and largely automatic effect on the range of a defendant's sentence." *Id.* "[A] defendant need not be advised by the trial court of the collateral consequences of a guilty plea." *Id.* ¶ 36. "A collateral consequence is one which the circuit court has no authority to impose, and results from an action that may or may not be taken by an agency that the trial court does not control." (Internal quotation marks omitted.) *Id.*

¶ 24 " 'Violating an offender at the door is a legal fiction wherein it is imagined that the offender is released from custody, placed on MSR, but when he leaves the institution he is in violation of his supervision terms and he is immediately placed back in custody. In reality, the offender simply remains incarcerated until a MSR prerequisite is satisfied. This can continue until either (1) the term of MSR expires, or (2) the prerequisite is satisfied.' " *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 9, 21 N.E.3d 423 (quoting *Armato v. Grounds*, 944

F. Supp. 2d 627, 631 n.3 (C.D. Ill. 2013)). Because defendant's MSR term may be three years to natural life, there is the possibility, were he "violated at the door" repeatedly, he could spend the rest of his natural life in prison.

¶ 25       However, the decisions related to defendant's MSR term will be made by the prisoner review board, which the circuit court does not control. This possible consequence, therefore, is a collateral consequence of defendant's guilty plea, and the court had no duty to admonish defendant of such consequences. See *Delvillar*, 235 Ill. 2d at 520-21; see also *People v. McDonald*, 2018 IL App (3d) 150507, ¶ 32, 95 N.E.3d 1 (finding the argument the defendant should have been admonished by the circuit court of the possibility of being violated at the door was "the type of argument that has been rejected by our supreme court" in *Delvillar*). Thus, the lack of admonishments does not call into question the constitutional voluntariness of defendant's guilty plea. See *Delvillar*, 235 Ill. 2d at 521-22.

¶ 26                          B. Rule 604(d) Compliance

¶ 27       In the alternative, defendant contends his postplea counsel failed to strictly comply with Rule 604(d).

¶ 28       Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) applies to defendants whose judgments were entered upon guilty pleas. When moving to withdraw a guilty plea, the motion must be in writing, stating the ground therefor. *Id.* When the motion is based on facts not appearing in the record, the facts must be supported by affidavit, unless the defendant is filing the motion *pro se* from a correctional institution. *Id.* The rule further requires counsel representing a defendant on the motion to withdraw the guilty plea to certify the following:

> "[T]he attorney has consulted with the defendant either by phone, mail, electronic
> means or in person to ascertain defendant's contentions of error in the sentence

and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defendants in those proceedings." *Id.*

¶ 29 Rule 604(d) is designed to ensure defendants are provided their due process rights and to eliminate unnecessary appeals. *People v. Shirley*, 181 Ill. 2d 359, 362, 692 N.E.2d 1189, 1191 (1998). Thus, "strict compliance with Rule 604(d) is required." *People v. Prather*, 379 Ill. App. 3d 763, 768, 887 N.E.2d 44, 47 (2008). In general, we consider the certificate itself to evaluate compliance with Rule 604(d); however, "we may consider the record where it undermines the certificate filed." *People v. Neal*, 403 Ill. App. 3d 757, 760, 936 N.E.2d 726, 728 (2010). The proper remedy for counsel's failure to comply strictly with Rule 604(d) is to remand the cause to the circuit court for the opportunity to file a new motion to withdraw the guilty plea and a new hearing on the motion. See *People v. Bridges*, 2017 IL App (2d) 150718, ¶¶ 6, 12, 87 N.E.3d 441. Whether defense counsel complied with Rule 604(d) is reviewed *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 30 In this case, defendant argues, although counsel filed a facially compliant certificate, she did not strictly comply with the requirements of Rule 604(d). Defendant argues counsel failed to amend the motion to withdraw his guilty plea and, thereby, support his claim his plea was not knowing and voluntary without the knowledge he might be "violated at the door." As discussed above, the claim the circuit court erred by failing to admonish him of a collateral consequence was without merit. Legally unmeritorious amendments are not "necessary" amendments. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Therefore, the record does not undermine postplea counsel's Rule 604(d) certificate.

¶ 31                                                  III. CONCLUSION

¶ 32            For the reasons stated, we affirm the trial court's judgment.

¶ 33            Affirmed.