NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240873-U

NO. 4-24-0873

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 11, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| CHRISTOPHER L. PARKER, | ) | No. 07CF176 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, holding the trial court did not err by denying defendant's motion for leave to file a successive postconviction petition.

¶ 2   Defendant, Christopher L. Parker, appeals the denial of his motion for leave to file a successive postconviction petition. Defendant argues that he satisfied the cause and prejudice test, and accordingly, the matter should be remanded for further postconviction proceedings. We affirm.

¶ 3   I. BACKGROUND

¶ 4   In 2007, defendant was charged with two counts of criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2006)), one count of predatory criminal sexual assault of a child (*id.* § 12-14.1(a)(1)), and one count of criminal sexual abuse (*id.* § 12-15(c)). (With regard to the

charges of criminal sexual assault, while the information states defendant was charged under section 12-13(a)(2) of the Criminal Code of 1961 (*id.* § 12-13(a)(2)), the substantive allegations in the information describe the offense of criminal sexual assault as set forth in section 12-13(a)(1) of the Criminal Code of 1961 (*id.* § 12-13(a)(1)).)

¶ 5        In January 2008, defendant pled guilty to one count of criminal sexual assault, and the remaining charges were dismissed. He was subsequently sentenced to five years and three months' imprisonment, with a mandatory supervised release (MSR) term of two years. In September 2008, defendant filed a *pro se* postconviction petition, which was dismissed.

¶ 6        In February 2009, defendant, *pro se*, filed a successive postconviction petition, in which he claimed his guilty plea was involuntary where he was admonished at the plea hearing that he would receive a two-year term of MSR, but his prison records showed he actually received an MSR term of three years to life. The trial court granted defendant's request to withdraw his guilty plea and entered an order vacating his sentence.

¶ 7        In June 2009, defendant pleaded guilty to one count of criminal sexual assault. A transcript of the June 2009 plea hearing does not appear in the record, but the common law record contains a bystanders' report of proceedings signed by the judge, defense counsel, and the assistant state's attorney present at the hearing. The bystanders' report states that the parties presented a negotiated plea agreement to the court in which defendant agreed to plead guilty to one count of criminal sexual assault in exchanges for the dismissal of the remaining charges and the State's recommendation of a sentence of five years and three months' imprisonment, with an MSR term of three years to life. The court accepted defendant's guilty plea and sentenced him in accordance with the plea agreement.

¶ 8        Defendant has served his prison sentence of five years and three months, but his

indeterminate MSR term has not yet terminated. According to defendant's *pro se* filings, after he was placed on MSR, he was reincarcerated several times for violating the terms of his MSR and remained in prison for several years due to his inability to find an approved MSR host site. Defendant, *pro se*, has filed numerous motions and petitions related to his continued imprisonment while on MSR.

¶ 9        Relevant to this appeal, on June 5, 2024, defendant filed a *pro se* motion for leave to file a successive postconviction petition, along with a proposed petition. The proposed successive postconviction petition alleged that defendant's June 2009 guilty plea was not knowing and voluntary, in violation of his right to due process, because he was not informed that his plea could subject him of "years of prolonged incarceration" after he had served his prison sentence. The petition alleged that after defendant had completed his prison sentence, he was reincarcerated for an MSR violation, was subsequently told by the Prisoner Review Board that he could be released back onto MSR when he found an approved host site, and remained in prison for approximately three years until he found such a host site. The petition alleged that defendant was subject to a total of approximately six and a half years of "prolonged incarceration" between 2012 and 2019 that did not count toward his MSR pursuant to section 3-14-2.5(e) of the Unified Code of Corrections (735 ILCS 5/3-14-2.5(e) (West 2022)). The petition alleged that pursuant to *Murphy v. Raoul*, 380 F. Supp. 3d 731 (N.D. Ill. 2019), the prolonged incarceration violated defendant's rights under the eighth and fourteenth amendments to the United States Constitution (U.S. Const., amends. VIII, XIV). The petition requested that defendant be permitted to withdraw his guilty plea and to proceed to trial on the original charges.

¶ 10        Defendant's motion for leave to filed a successive postconviction petition alleged that there was cause for defendant's failure to raise this issue in his initial postconviction petition

because, at the time he filed his initial petition, he did not know he would be "forced to endure years of prolonged incarceration that [were] not part of [his] court imposed sentence and did not count toward [his] term of MSR *** as a consequence of [his] plea." Defendant alleged he was prejudiced because he was subject to almost six and a half years of prolonged incarceration, which, pursuant to *Murphy*, violated his constitutional rights. Defendant stated that he would not have pled guilty if he had known he could be forced to endure years of prolonged incarceration.

¶ 11        The trial court denied defendant's motion for leave to file a successive postconviction petition. In its order, the court stated: "Court finds that claims raised by Petitioner, the subject of a current pending appeal and multiple post-conviction motions, are insufficient to justify further proceedings." This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13        On appeal, defendant argues the trial court erred by denying his motion for leave to file a successive postconviction petition because he adequately pled cause and prejudice. Defendant argues that he showed cause for failing to raise the issue in his initial postconviction petition because he alleged that he did not know at the time he filed his initial petition that he would be subject to "years of prolonged incarceration" that were not part of his determinate prison sentence and did not count toward his indeterminate MSR term. Defendant argues he demonstrated prejudice by alleging he was subject to nearly six and a half years of prolonged incarceration and would not have pleaded guilty if he knew this would happen. Defendant argues he could not have raised his eighth amendment claim before his rights were violated when "the State significantly extended his sentence," and he could not have raised the "guilty plea issue" at the time of his initial petition because he did not know at that time that the State would violate his constitutional rights.

- 4 -

¶ 14 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a mechanism by which incarcerated defendants may collaterally attack their convictions by asserting they suffered a substantial deprivation of their constitutional rights. *People v. Bailey*, 2017 IL 121450, ¶ 17. "[T]he legislature designed the [Act] with the intention that defendants be allowed to file only one petition under the statute." *People v. Montanez*, 2023 IL 128740, ¶ 73. Successive petitions are "highly disfavored" and may not be filed without leave of court. *Bailey*, 2017 IL 121450, ¶ 39; see 725 ILCS 5/122-1(f) (West 2022). "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2022). A petitioner "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." *Id.* A petitioner shows prejudice by showing that the claim so infected the trial or plea proceedings that the resulting conviction or sentence violated due process. *Id.*; *People v. Ryburn*, 2019 IL App (4th) 170779, ¶¶ 28, 42.

¶ 15 The trial court is to make cause and prejudice determinations based on the pleadings by "conducting a preliminary screening to determine whether the defendant's motion for leave to file adequately alleges facts that make a *prima facie* showing of cause and prejudice." *Montanez*, 2023 IL 128740, ¶ 78. "[T]he denial of a motion for leave to file a successive petition alleging cause and prejudice is reviewed *de novo*." *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 16 Initially, we note that several times in his initial brief and reply brief, defendant characterizes his proposed successive postconviction petition as raising both an eighth amendment issue and a guilty plea/due process issue, and he asserts that his successive petition

- 5 -

seeks a ruling on his eighth amendment claim. We disagree with this characterization. While both defendant's proposed successive postconviction petition and his motion for leave to file the petition contained allegations that defendant was subject to prolonged incarceration, in violation of his eighth amendment rights, it is apparent that the underlying claim defendant sought to raise was that his right to due process was violated because his guilty plea was not knowing or voluntary. The sole relief requested in the proposed successive petition was withdrawal of the plea on the basis that it was entered in violation of his right to due process. Accordingly, we address only the due process claim in this order and do not consider the separate issue of whether defendant was subjected to cruel and unusual punishment, in violation of the eighth amendment.

¶ 17　　　　The State argues that defendant's due process claim is barred by principles of *res judicata* and collateral estoppel. The State asserts that defendant has "raised the constitutionality of the 'violated at the door' application of the MSR release provisions in multiple unsuccessful petitions for relief from [judgment ]" pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)), *habeas corpus* petitions, petitions for mandamus, and postconviction petitions. Defendant argues that his claim is not barred by *res judicata* or collateral estoppel because the court never ruled on the merits of the claim in an earlier proceeding.

¶ 18　　　　"A prior judgment may have preclusive effects in a subsequent action under both *res judicata* and collateral estoppel." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001). "[U]nder the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *Village of Bartonville v. Lopez*, 2017 IL 120643, ¶ 49. Similarly, "[t]he doctrine of collateral estoppel bars a party from relitigating an issue decided in a prior proceeding."

*People v. Pawlaczyk*, 189 Ill. 2d 177, 189 (2000); see *Terry v. Watts Copy Systems, Inc.*, 329 Ill. App. 3d 382, 389 (2002).

¶ 19    Even if we were to accept defendant's argument that *res judicata* and collateral estoppel do not bar consideration of the claim he now seeks to raise in his successive postconviction petition, the trial court properly denied leave to file the petition because defendant has failed to establish the "prejudice" prong of the cause and prejudice test.

¶ 20    To demonstrate prejudice, a defendant must show that the claim he seeks to raise so infected his plea proceedings that the resulting conviction or sentence violated due process. *Ryburn*, 2019 IL App (4th) 170779, ¶ 42; see 725 ILCS 5/122-1(f) (West 2022). The trial court

> "should deny leave to file a successive postconviction petition when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." (Internal quotation marks omitted.) *People v. Clark*, 2023 IL 127273, ¶ 70.

Here, defendant's due process claim fails as a matter of law.

¶ 21    "Generally, due process requires that in order for a defendant to knowingly and voluntarily plead guilty, a defendant must be advised of the direct consequences of a guilty plea." *People v. Hughes*, 2012 IL 112817, ¶ 35. However, "[d]ue process does not require that the defendant be informed of the collateral consequences of a guilty plea." *People v. Delvillar*, 235 Ill. 2d 507, 520-21 (2009). "[A] direct consequence of a guilty plea is one which has a definite, immediate and largely automatic effect on the range of a defendant's sentence." *Hughes*, 2012 IL 112817, ¶ 35. "A trial court's obligation to ensure that a defendant understands

the direct consequences of his plea traditionally encompasses those consequences that affect the defendant's sentence and other punishment that the circuit court may impose." *Id.* On the other hand, collateral consequences are "effects upon the defendant that the circuit court has no authority to impose." *Delvillar*, 235 Ill. 2d at 520. "A collateral consequence is one that results from an action that may or may not be taken by an agency that the trial court does not control." *Id.*

¶ 22       An MSR term is a direct consequence of a guilty plea because it is part of the sentence imposed by the trial court, and, accordingly, the court must inform a defendant of the MSR term. *People v. Williams*, 2019 IL App (3d) 160412, ¶ 27. However, "[w]hether a defendant could be subject to incarceration during any portion of his or her MSR term is *** a collateral consequence of a defendant's guilty plea, and the trial court is not required to inform a defendant of that consequence prior to accepting the plea." *Id.*; see *People v. Clark*, 2024 IL App (4th) 230751-U, ¶ 30 ("[D]ecisions related to a defendant's MSR term are made by the prisoner review board, which the trial court does not control. [Citation.] Therefore, [the] possible consequence [of being 'violated at the door'] is a collateral consequence of a defendant's guilty plea."); see also *People v. Isringhaus*, 38 Ill. App. 3d 535, 537 (1976) (holding that a mandatory parole term is a direct consequence of a guilty plea, but the possibility of revocation of parole from a sentence on a prior conviction is a collateral consequence).

¶ 23       Here, defendant seeks to assert that his June 2009 plea was not knowing and voluntary because he was not admonished that he could be subject to "years of prolonged incarceration" after serving his prison sentence due to his inability to locate an approved host site for MSR. However, the record establishes that defendant was aware at the time of his June 2009 plea that he would be subject to an indeterminate MSR term of three years to life following the

expiration of his prison sentence. Accordingly, the record shows that defendant's plea was made with knowledge of the direct consequences relating to MSR. See *Williams*, 2019 IL App (3d) 160412, ¶ 27. The possibility that defendant could be reincarcerated after serving his determinate prison term due to an MSR violation or be "violated at the door" due to his inability to find an approved host site were collateral consequences of the plea, as they were not certain to occur and were within the control of the Prisoner Review Board rather than the court. See *Delvillar*, 235 Ill. 2d at 520; *Williams*, 2019 IL App (3d) 160412, ¶ 27; *Clark*, 2024 IL App (4th) 230751-U, ¶¶ 29-30. Accordingly, defendant's alleged lack of awareness of these potential consequences at the time of his plea did not render his plea involuntary. See *People v. Williams*, 188 Ill. 2d 365, 371 (1999) ("[T]he defendant's knowledge of the collateral consequences of a guilty plea is not a prerequisite to the entry of a knowing and intelligent guilty plea."). Thus, we conclude that because defendant's due process claim fails as a matter of law, he was not prejudiced by his failure to raise the claim in his initial postconviction petition.

¶ 24                                    III. CONCLUSION

¶ 25            For the reasons stated, we affirm the trial court's judgment.

¶ 26            Affirmed.